ST. LOUIS. SAN FRANCISCO & TEXAS RAILWAY COMPANY ET AL. V.
R. B. SMITH.

Decided December 19, 1908.

**1.—Appeal—Brief—Reference to Record.**

Assignments of error will not be considered when they consist of references to bills of exception to be found in the record and when examination of the record fails to identify with certainty the bills referred to, or when the assignments as they appear in the brief are not true copies of the assignments as they appear in the record.

**2.—Shipment of Cattle—Damages—Evidence.**

In a suit against a railroad company for damages to a shipment of cattle there being proof before the jury of the price per cwt. for which the cattle sold, but no evidence as to the total weight of all the cattle, it was permissible for the plaintiff to testify as to the amount he received as the proceeds of the sale of the cattle for the purpose of enabling the jury to ascertain the total weight of the cattle.

**3.—Same—Depreciation in Price—Evidence.**

In a suit for damages to a shipment of cattle, evidence considered, and held sufficient basis for a finding by the jury of the amount of damages by reason of depreciation in price.

Error from the District Court of Tarrant County. Tried below before Hon. Irby Dunklin.

*West, Chapman & West, C. H. Yoakum* and *Theodore Mack,* for plaintiffs in error.

*Smith & Lattimore,* for defendant in error.

CONNER, CHIEF JUSTICE.—Appellee sued the appellant railway companies for twenty-six hundred dollars damage to a shipment of cattle from Alfred, Texas, to East St. Louis, Illinois. A jury trial resulted in a verdict for appellee in the sum of ten hundred and forty-nine dollars and seventeen cents, of which four hundred and sixty-three dollars and nine cents was for depreciation in value, four hundred and ninety-five dollars for shrinkage in weight, and ninety-one dollars and eight cents interest at the rate of six percent.

We are of opinion that appellee's objections to the first and second assignments of error are well taken. The first assignment is that: "The court erred as shown by defendants' bill of exceptions No. 2, found on page 11 of the stenographer's record." It is designated in the brief as the fifth in the record. The fifth in the record is that: "The court erred as shown by defendants' bill of exceptions No. 1, found on page 6 of the stenographer's record." No assignment whatever is found referring to bill of exceptions No. 2, made the basis of said first assignment in the brief.

The second assignment is designated as the seventh in the record, which relates to bill of exceptions No. 4, pages 47 and 48 of the stenographer's report, while the assignment (the second) as presented in the brief is based upon bill of exceptions No 3, page 31 of the stenographer's report. But one assignment in the record (the sixth) relates to bill of exceptions No. 3, and that states it is to be found on page 11 of the stenographer's report. We therefore conclude that assignments one and two as presented should be disregarded because not true copies of the assignments as they appear in the record. And the writer wishes to add that, while unnecessary to now so decide, it is in his judgment to be greatly doubted whether assignments such as are now under consideration should in any event be held to comply with the statute (Rev. Stats., art. 1018), and the rule (24) requiring "assignments of error" to distinctly specify the grounds of error relied upon. But if it be conceded that by liberal construction of the statute and rule it is permissible to refer to the record alone in order to exhibit the specific error relied upon, then certainly the references should at least be substantially accurate; otherwise we can not well avoid the confusion and unnecessary labor which it was the purpose of the statute and rules to prevent. See Robertson v. Coates, 1 Texas Civ. App., 673; El Paso & S. W. Ry. Co. v. Smith, 108 S. W., 989; and the statute and rule referred to.

The third assignment (and the fourth raises the same question) is as follows: "The court erred as shown by defendants' bill of exceptions No. 4, found on pages 47 and 48 of the stenographer's record, which error, in substance, permitted plaintiff, over the objection of defendants, to testify to the actual amount he received as the proceeds of the sale of the cattle in question and the net amount he received from such sale, all of which evidence and the objection thereto and the exception reserved by these defendants will more fully appear on pages 47 and 48 of the stenographer's transcript." A. L. Keechler testified that he sold the two hundred and twenty-two head of steers involved in this controversy for four dollars and seventy-five cents per cwt. The weights

of the cattle at the time of the sale, as reported to appellee, were properly excluded on appellants' objection, and the testimony of appellee referred to in the assignment was evidently an effort on his part to prove the weights of the cattle at the time sold by dividing the total amount received by the price per cwt. as stated by the witness. We see no objection to this method of ascertaining the total weights of the cattle, but in one of the propositions appellant further insists that appellee knew the price received only from the report of his commission merchant, and that the testimony was therefore hearsay. The court's ruling, however, seems to be harmless, if erroneous, in view of the issue on this point. Appellee sought to recover, among other things, for loss in weight because of delay and rough handling. Several expert witnesses testified that cattle delayed and handled as were appellee's would lose per head from thirty to sixty pounds in weight. From this testimony and the testimony as to the number of head and as to the price at which the cattle sold per cwt., to none of which is objection here urged, the jury had the proper basis upon which to estimate appellee's loss in this respect. It was therefore entirely immaterial to establish the separate or collective weights of the cattle at the time they were shipped and at the time they were sold. The assignments are hence overruled.

In the fifth and only remaining assignment it is insisted that the court erred in submitting to the jury the item of depreciation "in the price per cwt. of the cattle in question, for that there was no competent testimony before the jury upon which they could make a finding upon this item." We have but to refer to the evidence in order to answer this assignment. An expert, Mr. Wooten, testified to the effect that in his opinion cattle delayed as were appellee's from thirty-six to forty-eight hours, would depreciate in selling price per cwt. from fifteen to twenty cents. From market reports and other evidence the average weight per steer at the time of the sale was at least approximately shown, so that the jury had the necessary basis for a finding of the amount of damages by reason of depreciation in price, the finding of the jury both as to loss in weight and as to depreciation and loss in price, being below the highest estimates given.

All assignments overruled and judgment affirmed.

*Affirmed.*

Writ of error refused.